IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
01 DEC -3 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JORGE DEL SOL HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-G-2492-E |
| | ) | |
| IMMIGRATION AND NATURALIZATION | ) | |
| SERVICE, | ) | |
| | ) | |
| Respondent. | ) | |

ENTERED
DEC 03 2001

## MEMORANDUM OPINION

The petitioner, Jorge Del Sol Hernandez, was a pretrial detainee at the time he filed his initial *pro se* petition for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241. (Doc. 1, p. 1). He alleges therein that he is illegally being detained by the Immigration and Naturalization Service (hereinafter "INS") following his release from state custody to the INS premised on Cuba's unwillingness to accept his repatriation. He seeks release from INS custody.

The respondent was required by this court to appear and show cause why the requested relief should not be granted. (Doc. 4). In response to the court's order, the respondents filed an answer on October 23, 2000, in which they assert that the petition is due to be denied. (Doc. 7). The parties were advised that the respondent's answer would be treated as a motion for summary dismissal. (Doc. 9). Hernandez filed a lengthy reply. (Doc. 11). On July 31, 2001, the INS filed a motion to dismiss the petition as moot due to the fact that the petitioner was no longer in INS custody because of his conviction in this court of aggravated assault of a federal correctional officer. (Doc. 12, p. 2). The court again permitted the petitioner to file a response. (Doc. 13). That response was received on August 24, 2001. (Doc. 14).

## I. BACKGROUND

The petitioner is a native and citizen of Cuba who entered the United States in 1980 as part of the "Mariel Boatlift." He was paroled into the United States on May 21, 1980. He was convicted on May 23, 1983, in Dade County, Florida Circuit Court of attempted burglary and grand theft. He was sentenced to serve four years. He escaped from custody on September 14, 1985, after release from state custody, and while being transported from the INS Processing Center to El Paso, Texas. On August 10, 1987, he was convicted in Broward County, Florida Circuit Court of armed delivery of cocaine. He was sentenced to serve four and one-half years custody. On April 10, 1990, the petitioner was placed on probation on an aggravated battery charge. His probation was revoked and he was sentenced to 364 days custody on October 15, 1990. On March 28, 1995, he was convicted in Mahoning County Ohio Court of Common Pleas of improperly discharging a firearm into a residence, improperly handling a firearm, and failure to comply with an order or signal of a police officer. He was sentenced to serve two years custody.

The petitioner was ordered deported by an Immigration Judge on June 20, 1996. The petitioner did not appeal the determination. He was denied immigration parole on November 27, 1996, and February 26, 1999. Since his incarceration in the Federal Correctional Facility in Talladega, Alabama, he has received five disciplinary infractions for setting a fire, tattooing/self-mutilation, assault without serious injury (two incidents), and refusing to obey an order. On March 27, 2001, he was sentenced following his conviction after a jury trial of aggravated assault of a federal correctional officer. He was sentenced by Chief Judge U. W. Clemon to serve a term of 120 months incarceration. The petitioner is currently in the custody of

the Bureau of Prisons, serving time on his assault conviction.

## II. DISCUSSION

The respondent correctly notes that the present petition is moot because the petitioner is not in the custody of the INS. The Eleventh Circuit Court of Appeals has stated, "The mootness doctrine requires that the plaintiff's controversy remain live throughout the litigation; once the controversy ceases to exist, the court must dismiss the cause for want of jurisdiction. *See, e.g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463-64, 81 L. Ed. 617 (1937); *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985), *cert. denied*, 476 U.S. 1176, 106 S. Ct. 1973, 90 L. Ed. 2d 656 (1986)." *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987). In the present matter, the petitioner is no longer in the physical custody of the INS. He will not be under INS control until his present sentence is served. Once he is released to INS custody, administrative proceedings may be initiated to determine whether he may be repatriated or released on bond.[1]

To the extent that the petitioner challenges his assault conviction in his most recent response to the motion to dismiss, the court finds that these claims are not properly before the court at this juncture. Specifically, the petitioner alleges that the evidence adduced at trial was insufficient to support the conviction and the verdict was contrary to the weight of the evidence. (Doc. 14, pp. 4-5). These issues are more appropriately raised on direct appeal.[2]

---

[1] This court will not speculate as to what Cuba's position on repatriation will be approximately ten years from now.

[2] It is well-settled that a motion to vacate a conviction or to correct a sentence is not a substitute for an appeal:

> .... The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947). Thus, nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of

3

## III. CONCLUSION

Premised on the foregoing, the court finds that the motion to dismiss (doc. 12) submitted by the INS is due to be granted. An appropriate order will be entered.

**DONE**, this the 3rd day of Dec, 2001.

J. FOY GUIN, JR.
Senior United States District Judge

---

justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'"
*Reed v. Farley*, 512 U.S. 339, 348, 114 S. Ct. 2291, 2297, 129 L. Ed. 2d 277 (1994)
(quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417
(1962)) (alteration in original).

*Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998), *cert. denied*, 526 U.S. 1145, 119 S. Ct. 2019, 143 L. Ed. 2d 1031 (1999). *See also Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849, 111 S. Ct. 138, 112 L. Ed. 2d 105 (1990) (holding that a petitioner may not litigate claims in a § 2255 proceeding that were not raised on direct appeal absent a showing of both cause and actual prejudice)"). The Eleventh Circuit Court of Appeals has also stated:

> .... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development. *Compare United States v. Arango*, 853 F.2d 818, 823 (11th Cir. 1988) (an allegation of ineffective assistance of counsel must be raised by collateral attack as opposed to direct appeal because of the necessity to develop a factual basis for its validity through a hearing), with *United States v. Andrews*, 953 F.2d 1312, 1327 (11th Cir.) (claims of ineffective assistance may be considered on direct appeal where there is sufficient evidence on the record to resolve the issue), *cert. denied*, 505 U.S. 1210, ---, 112 S. Ct. 3008, 3048, 120 L. Ed. 2d 882, 915 (1992). When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849, 111 S. Ct. 138, 112 L. Ed. 2d 105 (1990). Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L. Ed. 2d 397, 413 (1986)....

*Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S. Ct. 1966, 131 L. Ed. 2d 856 (1995).